UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

          v.

Christine cody, heir at law of Annette
Reichling a/k/a/ Antoinette Reichling, Ryan
cody, as a tenant in possession of the premises
known as 227 Sullivan Avenue, South
Farmingdale, New York 11735, Sec. 48 / Bl.
462 / Lot 64, and Nassau County Dept. of
Social Services,

          Defendants.
------------------------------------------------------------X

Docket No.: 12-6108

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 08 2013   ★

**LONG ISLAND OFFICE**

**JUDGMENT OF
FORECLOSURE AND SALE
(SJF)**

On the summons and complaint filed herein on December 26, 2012; on the notice

of Pendency filed in the office of the Clerk of Nassau County on January 14, 2013; on the

annexed declaration of Dolores M. Iannarone, Attorney for Plaintiff, executed on September 6,

2013; on the Affidavit of Account and Statement of Indebtedness of Barbara Kemry, Contract

Manager for Deval LLC, Independent Contractor for the U.S. Department of Housing and Urban

Development, sworn to on 29th day of August, 2013; on the returns of service on the defendants;

and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a mortgage on real property situated in the

County of Nassau.

The entire balance of the principal sum secured by said mortgage, $358,897.15

with interest from September 3, 2007 and with carrying charges expended by plaintiff, is now

due and payable.

All of the defendants herein have been duly served with the summons and

complaint. The time to answer or move with respect to the complaint has expired as to each and

1

all of said defendants and the same has not been extended by consent or by order of this Court. No answer or motion directed to the complaint has been interposed by or on behalf of any defendant. None of the defendants is an infant, incompetent or absentee. Accordingly, each and all of the defendants are in default.

A notice of pendency containing all of the particulars required by law has been duly filed as aforesaid.

The mortgaged premises should be sold in one parcel.

The amount computed by the Court to be due to plaintiff on the bond and mortgage described in the complaint is now $358,897.15 with interest and advances for real estate taxes, assessments, water rates and other charges expended by plaintiff through September 30, 2013 and does include interest credit subject to recapture pursuant to 42 U.S.C. § 1490a, amounting in all to the sum of $131,611.22, Service fees pursuant as set forth in HUD handbook 4330.1 (13-15) in the sum of $6,840.00, and Mortgage Insurance Premium advances for tax payments and insurance as set forth in 24 CFR 206.27 and 206.103 et seq. and HUD handbook 4330.1 (13014) et seq.) in the amount of $18,610.71, plus costs and disbursements of $909.00 with interest as aforesaid.

NOW, on motion of plaintiff United States of America, it is

**ORDERED AND ADJUDGED**, that the default of each and all of the defendants be, and the same hereby is, noted; and it is further

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $358,897.15, including interest that accrued in accordance with the adjustable rate note/mortgage/rider with an initial signing rate of 7.640 % per annum and adjustable every year thereafter with the current rate of interest being: 2.640% with a per diem rate of $30.87, with

2

interest accrued of $131,611.22, Service fees of $6,840.00, Mortgage Insurance Premiums (MIP); advances for tax payments and insurance of $18,610.71.00 from September 30, 2013 to the date of entry of judgment and thereafter at the legal rate; and for the sum of $909.00, as taxed by the Court for the costs and disbursements of plaintiff in this action, with interest as aforesaid, and it is further

ORDERED AND ADJUDGED, that the mortgaged premises described in the complaint and as hereinafter described, be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby of the United States District Court, Eastern District of New York, Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York by and under the direction of William Wexler, Esq., who is hereby appointed Master for that purpose; that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in Newsday, a daily newspaper; that plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale; that in the event plaintiff or such governmental agency shall become the purchaser at the said sale it shall not be required to make any deposit thereon; that said Master execute and deliver to the purchaser at such sale a deed of the premises sold; All taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon said premises will be paid by the Purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the Deed, produce to the

3

Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser.

That the said Master then deposit the balance of said proceeds of sale in his own name as Master in the Chase Bank, located at Deer Park, New York, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: The sum of $750.00 to said Master for his fees herein.

2nd: The expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd: The sum of $909.00 to plaintiff, adjudged as aforesaid to plaintiff for its costs and disbursements in this action, with interest from the date hereof; and also the sum of $358,897.15 the amount computed by the Court and adjudged to plaintiff as aforesaid, with interest from September 30, 2013.

Said Master shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with said Master, said Master

4

shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold.

Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st", "2nd" and "3rd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff or such governmental agency, to the amounts due plaintiff in item marked "3rd", and if there be a surplus over and above said amounts due and allowed to plaintiff, plaintiff shall pay to said Master, upon delivery of said Master's Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed.

Said Master shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his report of sale; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of the pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

5

The premises affected by this action are situated entirely within the County of Nassau and State of New York and are designated as: 227 Sullivan Avenue, South Farmingdale, New York 11735, Section: 48.00, Block: 462.00, and Lot: 64.000, and are further described as follows:

See Annexed "SCHEDULE A – Description of Property"

Together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

Dated: 10 | 8 | 13 _____, New York

s/ Sandra J. Feuerstein

_____

HONORABLE
United States District Judge

6

*First American Title Insurance Company*

SCHEDULE A

DESCRIPTION

Title No. SP28180-N

ALL that certain plot piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Farmingdale, in the Town of Oyster Bay, County of Nassau and State of New York, known and designated as and by part of Lot Number 38, and all of Lots Numbered 39, 40 and 41 in Block 128 on a certain map entitled, "Section 2", Properties at Farmingdale, Nassau County, New York, Fallwood Realty Corporation, surveyed by C.W. Smith, C.E. & S., April 9, 1917", and filed in the Office of the Clerk of the County of Nassau on April 20, 1917 as Map No. 38, Case No. 279, which said lots are part of said lots are more particularly bounded and described according to said map as follows:

BEGINNING at a point on the northerly side of Sullivan Avenue, being distant 150 feet, easterly from the corner formed by the intersection of the easterly side of Hart Street and the northerly side of Sullivan Avenue;

RUNNING THENCE northerly at right angles to the northerly side of Sullivan Avenue, 100.00 feet;

RUNNING THENCE east parallel to the northerly side of Sullivan Avenue, 70.00 feet;

RUNNING THENCE southerly at right angles to the northerly side of Sullivan Avenue 100.00 feet to the northerly side of Sullivan Avenue and

RUNNING THENCE westerly along the northerly side of Sullivan Avenue 70.00 feet to the point or place of BEGINNING.